# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY RAY YBARRA,<br><br>          Plaintiff,<br><br>   v.<br><br>THE COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | 1:12-cv-1715 BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER EAJA IN PART**<br><br>**(Doc. 22)** |

## **INTRODUCTION**

Plaintiff filed a complaint challenging the denial of his disability insurance benefits and supplemental security income payments on June 14, 2013. (Doc. 14). On July 26, 2013, the parties stipulated to remand the case pursuant to Sentence Four of 42 U.S.C. § 4105(g). (Doc. 20). The Court entered judgment in Plaintiff's favor on July 26, 2013. (Doc. 21).

Plaintiff now seeks attorney's fees pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412(d)) ("EAJA") in the amount of $5,044.12, and $60.00 in costs.[1] Defendant opposes the motion on the basis that the requested fees are unreasonable. Upon a review of the pleadings, the Court grants Plaintiff's motion in part. Plaintiff shall be awarded fees in the amount of $4,838.52 in fees, and $60.00 in costs.

---

[1] This amount is for a total of 27.4 hours of work (3.7 hours for paralegal services and 23.7 hours of attorney hours) and includes fees for filing the instant motion, as well as the reply. (*See*, Doc. 27, pg. 3).

1

# DISCUSSION

**A. Legal Standard**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency decision in a civil action are entitled to reasonable fees and expenses. 28 U.S.C. § 2412(d)(1)(A) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Any application for an award of EAJA fees and other expenses must be made within thirty days of final judgment in the action and must include "an itemized statement from any attorney representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Furthermore, any attorney's fees paid must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002). The amount of the fee must be determined based on the particular facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). In making this determination, courts should apply the "lodestar" method to determine what constitutes reasonable attorney's fees. *Hensley*, 461 U.S. at 433. To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Court further explained that counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Hensley*, 461 U.S. at 434; *see*

*also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must provide a concise and clear explanation of the reasons for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir.1988), *cert. denied*, 493 U.S. 1035 (1990). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.' " *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir.1980) (en banc)). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

### *Hourly Rates*

Here, Plaintiff requests $186.55 per hour for work performed by counsel in 2012 and 2013. However, the Ninth Circuit Court of Appeal has established rates for attorney fees at $184.32 for 2012, and $187.02 for 2013, respectively. These rates are the applicable statutory maximum hourly rates under EAJA for attorney work performed in those years, adjusted for increases in the cost of living. *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and Ninth Circuit Rule 39–1.6. The Court will apply these hourly rates in this case. Plaintiff also requests paralegal fees at the rate of 137.00 an hour. The Court will apply this rate since it is commensurate with paralegal rates in this area.[2] The issue in this case is whether the number of attorney hours expended were reasonable.

///

---

[2] The Commissioner has not opposed this rate for paralegal services.

3

*The Parties' Positions*

Plaintiff argues that his request for $5,044.12 is reasonable because it represents payment for the number of attorney hours expended on this case. Plaintiff's counsel also requests that the Court honor Plaintiff's assignment of the EAJA fees to the law firm subject to the offset rights to the Treasury. The Defendant argues that the attorney fees request should be reduced by 7.3 hours, and the paralegal hours should be reduced by 2.8 hours. Specifically, Defendant contends: 1) Plaintiff cannot recover fees for administrative or clerical tasks, 2) that the number of hours expended were excessive, 3) Plaintiff's request for $60.00 in costs should be denied because the request is not sufficiently documented, and 4) that the Court should order any fees paid to Plaintiff, rather than his attorney pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

*Analysis*

The Court has examined the billing records and has considered Defendant's arguments. The award for paralegal services will be reduced by .7 hours. Specifically, Plaintiff will not be paid for paralegal services performed on 9/26/12 (.1 hour),11/14/12 (.1 hour), 3/6/13 (.3 hour), 7/1/13 (.2 hour), as the amounts charged were either clerical in nature, or excessive for the task performed. The Court finds that the remaining requests for attorney's fees are reasonable. The Court also finds Plaintiff is entitled to $60.00 in costs.

As a result of the above, Plaintiff's counsel will be awarded the following fees:

| Total Hours | Rate Applied | Total Amount |
|---|---|---|
| 3.0 (Paralegal Fees) | $137.00 | $411.00 (3.0 x $137.00) |
| 1.8 (Attorney Haley) | $184.32 (2012) | $ 331.78(1.8 x $184.32) |
| 21.9 (Attorney Patel) | $187.02 (2013) | $ 4,095.74(21.9 x $187.02) |
| **Total: 26.7 Hours**<br>3.0 Hours for Paralegal Fees<br>23.7 Hours for Attorney Fees | | **$4,838.52** |

Given the above, the parties are encouraged to resolve future attorney fee requests through independent negotiations. The Court appreciates the government efforts to reduce the amount of attorney fees paid. Here, however, Plaintiff received a higher award because 5.5 hours were spent litigating the instant motion. Counsel are reminded that this is one of the busiest Courts in the nation. Prudent negotiation strategies not only save time, but also result in decreased fee awards and less work for the attorneys.

**B. The Proper Payee Under the EAJA**

Plaintiff's counsel requests that the fees be paid directly to the Law Office of Lawrence D. Rohlfing pursuant to an assignment agreement. The Commissioner contends that any award under the EAJA must be made payable to Plaintiff because the Treasury Offset Program requires that the government consider whether the fees are subject to any government offset. If Plaintiff does not owe a government debt that qualifies for offset, then payment may be made in the name of Plaintiff's counsel based on the government's discretionary waiver of the requirements in the Anti-Assignment Act, 31 U.S.C. § 3727.

The U.S. Supreme Court has held that a Section 2412(d) fee award is payable to the litigant. *Astrue v. Ratliff*, 560 U.S. 586, (2010). Under *Ratliff*, a plaintiff is normally awarded the fees, subject to any offset for applicable government debts. However, after *Ratliff*, courts in this district have ordered payment of EAJA fees directly to the plaintiff's counsel pursuant to the plaintiff's assignment of EAJA fees in a fee agreement, provided that the plaintiff has no debt that requires offset. *See, e.g.*, *Blackwell v. Astrue*, No. CIV 08–1454 EFB, 2011 WL 1077765, at *5 (E.D.Cal. Mar.21, 2011); *Dorrell v. Astrue*, No. CIV 09–0112 EFB, 2011 WL 976484, at *2–3 (E.D.Cal. Mar.17, 2011); *Calderon v. Astrue*, No. 1:08–cv–01015 GSA, 2010 WL 4295583, at *8 (E.D.Cal. Oct.22, 2010).

Other courts have refused to award EAJA fees directly payable to the plaintiff's counsel, noting, however, that the government could, after subtracting any offset, waive the requirements of the Assignment of Claims Act and make payment directly to the plaintiff's counsel. *See Matthews v. Astrue*, No. CIV 11–290–TUC–LAB, 2013 WL 500955, at * 1 (D.Ariz. Feb.11, 2013); see also *Smith v. Astrue*, No. C–10–4814 PJH, 2012 WL 3114595, at * 6 (N.D.Cal. July 31, 2012) ("Based on Ratliff and the Supreme Court's interpretation of EAJA, Smith is considered the prevailing party in the action before this court. Accordingly, Smith is entitled to direct payment of the EAJA award and not Sackett.")

Here, while Plaintiff has assigned the right to receive EAJA fees to his attorney, the Commissioner has asserted he has not waived the requirements of the Anti–Assignment Act and contends there is no current information whether Plaintiff owes a federal debt. Under these factual circumstances, the Court concludes that the EAJA fee award shall be made payable to Plaintiff. However, if Plaintiff does not owe a government debt, this order shall not be construed to preclude the payment directly to Plaintiff's counsel pursuant to Plaintiff's assignment should the government waive the requirements of the Anti-Assignment Act.

## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that :

1) Plaintiff's Motion for Attorneys' Fees be GRANTED IN PART as set forth in this order.  Plaintiff's counsel is awarded fees in the amount of $4,838.52, and $60.00 in costs;

2) This amount should be payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), and mailed to counsel's office[3] at the Law Offices of Lawrence D.

---

[3] *See Shreves v. Colvin*, No. CV–11–8076–PCT (BSB), 2013 WL 4010993, at *5 (D.Ariz. Aug.6, 2013) ("However, the Court will direct the government to mail the attorney's fee award, made payable to Plaintiff, to the office of Plaintiff's attorney.")

6

Rohlfing, 12631 East Imperial Highway, Suite C-115, Sante Fe Springs, CA 90670 ;

and

3) If the government determines that Plaintiff does not owe a federal debt and waives the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the fee award shall be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of his interest in the fee award.

IT IS SO ORDERED.

Dated: **December 2, 2014**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE